Per Curiam.

In this court the defendants present five assignments of alleged prejudicial error on the part of the trial court, only two of which warrant discussion by this court.
The first is a claim of misconduct by the trial judge in the form of certain incidental statements made in the presence and hearing of the jury.
Taken out of their context, some of the trial judge’s observations seem unnecessary and of questionable propriety. However, a careful study of the entire record discloses the combination of circumstances under which the judge felt impelled to admonish the defendants’ counsel. This is illustrated by the counsel’s annoying tendency to indulge in extended arguments in the presence of the jury whenever the judge overruled his ob *364 jections to questions asked of defense witnesses on cross-examination. It is an understatement to observe that the resulting repartee was hardly complimentary to either the judge or counsel. In one instance the judge said, “Now, Mr. Wise, you may make all the objections you want at recess, but you are not to interrupt the cross-examination, please.” That the judge was showing his umbrage at the interrupting argument and not at the objections is disclosed by a closely related statement, “Let’s get this straight, Mr. Wise, I don’t want you to interfere when questions are asked unless there is an objection.”
Another similar example occurred when the defense counsel was cross-examining one of the state’s witnesses who was an accomplice in the murder. In response to a question whether he had been promised his life if he testified in the case, he answered in the affirmative. Then in a moment of understandable overzealousness, the judge immediately questioned the witness to learn whether he was intimating that the judge or anyone else in authority had been guilty of making such a promise. The witness then said that no one ever promised him his life in this case. Obviously this was an important matter that demanded clarification for the jurors.
A third example occurred when the prosecuting attorney was cross-examining one of the defendants about his unemployment compensation forms which he had filed:
“Q. I am talking about the little forms you fill out every week when you report in person, understand me? A. Yes, the little forms.
“Q. Yes, and those reports in person are made subsequent to the original application? A. You mean they are different?
“Q. You make them out after you file originally?' A. Yes.
“Q. And that is referred to and you have understood it to mean a subsequent report in person form, the small one?
“Mr. Wise: Object.
“The Court: Yes, yes, Mr. Putman, let’s get along, please.
“Mri Putman: If it please the Court.
“The Court: Never mind, I don’t want to hear — there is plenty of proof.
“Mr. Putman.
*365 “Q. Have you understood what I meant by subsequent report in person? A. I never really did.”
Just what the judge meant by the statement “there is plenty of proof” is hot definite, hut apparently he was referring to the different cards which showed for themselves. In any event, defense counsel did not consider the statement of sufficient importance either to interpose an objection or to request a clarification.
The next assignment of error relates to the judge’s charge to the jury. He said in part, “And likewise the fact that the other two named in the indictment have not yet been brought to trial you shall give no consideration to whatever.” Again when scrutinized in the light of the context, it becomes clear that the judge was giving the jury a correct explanation of the statutory right of the several defendants to separate trials.
When the record is studied in its entirety, no error prejudicial to the rights of the defendants is disclosed. Hence, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Matthias and Herbert, JJ., concur.